**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| LEGAL EAGLE, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION,<br><br>Defendant. | No. 8:26-cv-847-TDC |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
CONSENT MOTION TO EXTEND RESPONSE DEADLINE**

Defendant National Archives and Records Administration (NARA) respectfully moves, pursuant to Fed. R. Civ. P. 6(b)(1), for an extension of time to answer or otherwise respond to Plaintiffs' complaint. Defendant's response is currently due by April 10, 2026. The requested extension would move the deadline to May 4, 2026. Plaintiffs consent to this relief. A proposed order accompanies this motion.

In support of this request, Defendant states the following:

1.      Plaintiffs Legal Eagle, LLC and National Security Counselors, Inc. have filed four Presidential Records Act (PRA) lawsuits against NARA in this District. *See* Case Nos. 26-371, 26-847, 26-920, and 26-1214. All four cases have been related to Judge Chuang.

2.      The PRA uses the Freedom of Information Act (FOIA) as a vehicle to process public requests for presidential records. 44 U.S.C. § 2204(c)(1). Under FOIA, an agency that has been sued has thirty days from service to respond. 5 U.S.C. § 552(a)(4)(C).

3.      In Case Nos. 26-847 and 26-920, Plaintiffs served NARA on March 11, 2026. ECF 5 at 1 (No. 26-847); ECF 5 at 1 (No. 26-920). NARA's response deadline in those cases is April 10, 2026.

1

4.      In Case No. 26-1214, Plaintiffs served NARA on April 2, 2026. ECF 5 at 1. NARA's response deadline in that case is May 4, 2026.

5.      The parties have met and conferred, and agree that the response deadline in all four cases (including, for avoidance of doubt, Case No. 26-371[1]) should be keyed to the response deadline in Case No. 26-1214—that is, May 4.

6.      Good cause exists to set a uniform response deadline keyed to the fourth action. The parties agree that the four cases involve several common questions of law. Should Defendant move to dismiss, it would be efficient to brief those common questions in common and on a uniform schedule. In fact, the parties have separately agreed to consolidate the four cases for purposes of a motion to dismiss.

Dated: April 8, 2026              Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Winston Shi*
WINSTON SHI (NY Bar No. 5747068)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 880-0387
Email: winston.g.shi@usdoj.gov

*Counsel for Defendant*

---

[1] Although NARA is not sure that it was actually served in No. 26-371, under the circumstances, it is willing to proceed on common deadlines for all four actions. *Cf.* ECF 5 (No. 26-371) at 1 (Plaintiffs' proof of service acknowledging that the U.S. Postal Service confirmed service on the U.S. Attorney's Office and the Attorney General, but not on NARA).

2