**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

|  |  |
|---|---|
| LEGAL EAGLE, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION,<br><br>Defendant. | No. 8:26-cv-847-TDC |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant National Archives and Records Administration answers the Complaint, ECF 1, filed by Plaintiffs Legal Eagle, LLC and National Security Counselors, Inc., as follows:

1. This paragraph states a legal conclusion as to jurisdiction, to which no response is required.

2. This paragraph states a legal conclusion as to venue, to which no response is required.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of this paragraph. The third sentence states a legal conclusion, to which no response is required.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. This paragraph states legal conclusions, to which no response is required.

6. Denied, except to admit that the Donald J. Trump Presidential Library is part of the Presidential Libraries system, administered by Defendant.

7. This paragraph states a legal conclusion, to which no response is required.

8. Admit.

9. This paragraph states a legal conclusion, to which no response is required.

10. Admit that people submit requests for Presidential records to the corresponding Presidential Library. The rest of this paragraph consists of a legal conclusion to which no response is required.

11. Admit that people submit requests for Presidential records from President Trump's first term to the Donald J. Trump Presidential Library. The rest of this paragraph consists of legal conclusions to which no response is required.

12. This paragraph consists of Plaintiffs' characterization of their complaint, to which no response is required.

13. Defendant incorporates each of its preceding responses.

14. Defendant admits that it received the request on January 20, 2026, but respectfully refers the Court to the cited request for a full and accurate statement of its content.

15. Admit, but Defendant respectfully refers the Court to the cited request for a full and accurate statement of its content.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. This paragraph states a legal conclusion, to which no response is required.

21. Defendant incorporates each of its preceding responses.

22. Admit.

23. Admit.

24. This paragraph states a legal conclusion, to which no response is required.

25. Defendant incorporates each of its preceding responses.

26. Defendant admits that it received the request on January 20, 2026, but respectfully refers the Court to the cited request for a full and accurate statement of its content.

2

27. Admit, but Defendant respectfully refers the Court to the cited request for a full and accurate statement of its content.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. This paragraph states a legal conclusion, to which no response is required.

33. Defendant incorporates each of its preceding responses.

34. Admit.

35. Admit.

36. This paragraph states a legal conclusion, to which no response is required.

37. Defendant incorporates each of its preceding responses.

38. Defendant admits that it received the request on January 20, 2026, but respectfully refers the Court to the cited request for a full and accurate statement of its content.

39. Admit, but Defendant respectfully refers the Court to the cited request for a full and accurate statement of its content.

40. Admit.

41. Admit.

42. Admit.

43. Admit.

44. This paragraph states a legal conclusion, to which no response is required.

45. Defendant incorporates each of its preceding responses.

46. Admit.

47. Admit.

48. This paragraph states a legal conclusion, to which no response is required.

The remainder of the Complaint sets forth Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, Defendant specifically denies that Plaintiffs are entitled to any of the relief sought or to any other relief in this action. Plaintiffs are not eligible for, or entitled to, attorney's fees. Any allegation not specifically responded to above is hereby denied.

## DEFENSES

1.    Defendant's actions did not violate the PRA, Freedom of Information Act (FOIA), or any other statutory or regulatory provision.

2.    Plaintiffs are not entitled to compel production of records protected from disclosure by executive privilege, one or more restrictions in the PRA, or one or more exemptions to FOIA.

3.    The Court lacks subject matter jurisdiction over one or more claims or requests for relief in the Complaint.

4.    One or more claims or requests for relief in the Complaint fails to state a claim upon which relief can be granted.

5.    Defendant reserves the right to raise any defense—including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c)—that may be supported by the record.

Dated: April 10, 2026                Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/ Winston Shi
WINSTON SHI (NY Bar No. 5747068)

4

Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 880-0387
Email: winston.g.shi@usdoj.gov

*Counsel for Defendant*