## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| LEGAL EAGLE, LLC and<br>NATIONAL SECURITY COUNSELORS,<br>INC., | |
| Plaintiffs, | Civil Action No. 26-0847-TDC |
| v. | |
| NATIONAL ARCHIVES AND RECORDS<br>ADMINISTRATION, | |
| Defendant. | |

## SCHEDULING ORDER

This Scheduling Order is entered pursuant to Local Rule 103.9. The Order sets a date for a Rule 16 Case Management Conference and establishes deadlines and requirements for pretrial proceedings, including discovery.

### I.    COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The Court requires compliance with all Local Rules, which can be found at http://www.mdd.uscourts.gov/local-rules.

Parties represented by counsel are required to file electronically through the Court's Case Management/Electronic Case Filing (CM/ECF) system. When a party electronically files a document that, including attachments, is 15 pages or longer, the party must also provide paper copies of the document and the notice of electronic filing. D. Md. Local R. 105.1(a). The paper copies should be sent to the Clerk's Office.

### II.    DEADLINES

The following motions or reports must be filed, or actions taken, by the listed date:

| | |
|---|---|
| April 22, 2026 | Requests for Modifications of the Scheduling Order, *see* Part III.A |
| April 22, 2026 at 9:30 a.m. | Rule 16 Case Management Conference, *see* Part III |

| May 28, 2026 | Motions to amend the pleadings or for joinder of additional parties |
| June 12, 2026 | Plaintiff's Rule 26(a)(2) expert disclosures |
| July 13, 2026 | Defendant's Rule 26(a)(2) expert disclosures |
| July 27, 2026 | Plaintiff's rebuttal Rule 26(a)(2) expert disclosures |
| August 3, 2026 | Rule 26(e)(2) supplementation of disclosures and responses |
| August 26, 2026 | Completion of Discovery; submission of Post-Discovery Joint Status Report, *see* Part V |
| September 2, 2026 | Requests for admission |
| September 9, 2026 | Notice of Intent to File a Pretrial Dispositive Motion, *see* Case Management Order Part II.A |

## III.  RULE 16 CASE MANAGEMENT CONFERENCE

A Rule 16 Case Management Conference will be held via teleconference on **April 22, 2026 at 9:30 a.m.** The Court will circulate a call-in number prior to the teleconference. The parties should be prepared to address the following issues:

A. **Requests for Modifications.** If the parties seek any modifications to the deadlines, default deposition hour limit, or other provisions of the Scheduling Order, they must notify the Court of that request in advance of the Rule 16 Case Management Conference by docketing the request on CM/ECF by close of business on the date noted above. Requests to modify the Scheduling Order must be accompanied by proposed new deadlines, deposition hour limits, or other amendments; a table comparing the proposed new deadlines, deposition hour limits, or other amendments to the original terms; and an explanation of why the modification is needed.

All requests to modify the deadlines must be submitted with an attached proposed order, which must be titled only "ORDER," not, for example, "Proposed Order," and which must contain a table listing each deadline and its new date.

B. **Consent to Proceed Before a United States Magistrate Judge.** The parties shall report on whether they consent, pursuant to 28 U.S.C. § 636(c), to have all further proceedings before a Magistrate Judge. Magistrate Judges are generally able to oversee civil cases, resolve motions, and conduct civil trials more efficiently than

United States District Judges, because of the District Judges' criminal caseload. If the parties consent to have their case heard by a Magistrate Judge, each party shall complete the Consent Form, which can be found at http://www.mdd. uscourts.gov/sites/mdd/files/forms/ConsentMagistrateJudge.pdf, and docket those completed forms on CM/ECF as "Correspondence."

C. **Mediation with a United States Magistrate Judge.** Parties are strongly encouraged to participate in a mediation session with a Magistrate Judge, whether before, during, or after discovery. The parties should be prepared to provide a target date for when they would like mediation to occur. This request will not postpone discovery unless otherwise ordered. Parties should be aware that mediation sessions are generally booked several months in advance. If the parties seek a date within the next two months, they shall explain why an expedited session is necessary. The parties will be contacted by the Magistrate Judge assigned to the case to schedule the mediation session. Note that if the parties choose to proceed before a Magistrate Judge for all further proceedings, a different Magistrate Judge will be assigned to the mediation session.

D. **Scope of Discovery**. The parties shall provide a joint summary of the anticipated nature and extent of discovery in this case, with a view towards minimizing wasteful and unnecessary discovery.

The parties are expected to consult with their clients and confer with each other on these issues in advance of the Rule 16 Case Management Conference and, if possible, present joint views to the Court.

## IV.   DISCOVERY

### A.  Motions to Modify Discovery Schedule

Requests to modify the schedule after the Rule 16 Case Management Conference should be made by a Motion, preferably a Joint Motion, filed without a Pre-Motion Notice. A proposed Order must be included.

### B.  Initial Disclosures

This is an action in which Rule 26(a)(1) disclosures need not be made.

### C.  Discovery Conference

This action is exempted from the requirements of the first sentence of Rule 26(d) and from Rule 26(f), such that the parties may, as of the date of this order, commence with discovery. However, parties are expected to: (a) identify the issues subject to discovery, (b) set a discovery

plan, (c) determine if the case can be resolved before incurring further litigation expense, and (d) establish a cordial professional relationship.

### D.  Discovery Procedures

All the provisions of Local Rule 104 apply, including the following:

1.  All discovery requests must be served in time to assure that they are answered before the discovery deadline.  An extension of the deadline will not be granted because of unanswered discovery requests that have not come due.

2.  The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery.  The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

3.  No discovery materials, including Rule 26(a)(2) disclosures, should be filed with the Court.

4.  Any motion to compel shall be filed only after counsel have conferred and filed a certificate as required by Local Rule 104.7 and shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

5.  Parties should be familiar with the Discovery Guidelines of this Court, contained in Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders.

### E.  Deposition Hours

Absent a request to increase or decrease deposition hours, each side shall be limited to 25 hours of depositions of fact witnesses, including parties.  If there are two or more parties on a particular side, they must share the allotted deposition time unless the Court rules otherwise upon a request from those parties.  Any colloquy engaged in by counsel shall be counted against the deposition time of that counsel's client.

### F.  Confidential Information

If the parties seek to limit disclosure of confidential information, any proposed protective order must be submitted to the Court for approval and must be consistent with Local Rule 104.13, Local Rule 105.11, and the following requirements.  The parties are advised that the Court will not seal a brief, filing, exhibit, or deposition transcript in its entirety on the grounds that it contains confidential information.  Accordingly, any party filing a document containing confidential information must file (1) a redacted version, not under seal, in which only confidential information is redacted; and (2) an unredacted version for the Court's use, accompanied by a motion to seal, in which the redacted material is marked but legible, such as through shading or highlighting.

Redactions must be as limited as possible. The Court will deny a motion to seal if the redactions are not limited to specific information that the Court deems confidential.

### G. Additional Requirements

During the course of discovery, the parties shall adhere to the following requirements:

1. **Cooperation.** As set forth in Local Rule Appendix A: Discovery Guidelines, Guideline 1, the parties and counsel have an obligation to cooperate in planning and conducting discovery to ensure that discovery is relevant to the claims or defenses in the case, not excessively burdensome, and proportional to what is at issue in the case. *See* Fed. R. Civ. P. 26(b)(2)(C) and 26(g)(1)(B)(ii)–(iii).

2. **Objections Stated with Particularity.** Objections to interrogatories or requests for production must be stated with particularity. Boilerplate objections (*e.g.*, objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence"), as well as incomplete or evasive answers, will be treated as a failure to answer pursuant to Rule 37(a)(4).

3. **Electronically-Stored Information (ESI).** If either or both parties intend to take discovery of ESI, counsel should review the Suggested Principles for the Discovery of Electronically Stored Information. The Principles, prepared by a joint bench/bar committee, is available at http://www.mdd.uscourts.gov/sites/mdd/files/ESI-Principles.pdf. The parties are expected to cooperate in determining the search technology, methodology, and criteria to be employed, and the custodians whose files are to be searched, to comply with discovery requests for ESI.

4. **Non-Waiver of Attorney-Client Privilege or Work-Product Protection.** The parties are expected to discuss a non-waiver agreement pursuant to Federal Rule of Evidence 502(e) and to promptly notify opposing counsel of any unintended disclosures. If the parties enter into such an agreement, the Court may, pursuant to Federal Rule of Evidence 502(d), order that unintended disclosures do not waive the privilege or protection in proceedings in this case and any other federal or state proceeding.

## V. POST-DISCOVERY JOINT STATUS REPORT AND CONFERENCE

### A. Joint Status Report

On the day of the deadline for Completion of Discovery, *see* Part II, the parties shall file a Post-Discovery Joint Status Report covering the following matters:

1. Whether discovery has been completed.

2. Whether any motions are pending.

3. Whether any party intends to file a dispositive pretrial motion.

4. Whether the case is to be a jury trial or a non-jury trial and the anticipated length of trial.

5. A certification that the parties have met to conduct serious settlement negotiations, to include the date, time, and place of all settlement meetings and the names of all persons participating.

6. Whether the parties agree to have the case referred to a Magistrate Judge for a mediation session, either before or after the resolution of any dispositive pretrial motion.

7. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a United States Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

8. Any other matter that the parties believe should be brought to the Court's attention.

**B. Case Management Conference**

After receiving the Post-Discovery Joint Status Report, the Court will schedule a Case Management Conference at which it will:

1. Inquire whether a mediation session with a Magistrate Judge would be useful. Counsel are expected to confer with their clients about this matter before this conference so they can respond to this inquiry.

2. Discuss any proposed pretrial dispositive motions and, if warranted, set a briefing schedule.

3. If there are no proposed pretrial dispositive motions, set a trial date and a date for the Pretrial Conference.

## VI.   PRETRIAL DISPOSITIVE MOTIONS

If either party seeks to file a pretrial dispositive motion, it should follow the procedures set forth in the Case Management Order docketed at the outset of the case.

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2(c) apply.

6

After all dispositive motions and any responses have been filed, the Court will advise the parties if a hearing is to be scheduled.

## VII.   ATTORNEY'S FEES

In any case where attorney's fees may be sought by the prevailing party, counsel must be familiar with Local Rule 109.2 and Local Rule Appendix B: Rules and Guidelines for Determining Attorneys' Fees in Certain Cases.

Date:   April 13, 2026

THEODORE D. CHUANG
United States District Judge